UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFERSON DAVID FUENTES MARTINEZ,

        Petitioner,

v.

        Case No. 3:26-cv-1162-MMH-SJH

TODD LYONS, et al.,

        Respondents.

---

## <u>ORDER</u>

### I. Status

Petitioner Jefferson David Fuentes Martinez, an immigration detainee, initiated this action by filing, through counsel, an Emergency Petition for Writ of Habeas Corpus (Doc. 1) on April 27, 2026, in the Orlando Division of the Middle District of Florida. Martinez subsequently filed an Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 2). On April 30, 2026, the assigned judge granted Martinez's request for a temporary restraining order and enjoined Respondents from removing him from the Volusia County Jail until further order. <u>See</u> Order (Doc. 6). Respondents notified the Court that on April 28, 2026, United States Immigration and Customs Enforcement (ICE) transferred Martinez from the Volusia County Jail to Baker Correctional Institute. <u>See</u> County of Volusia's Expedited Partial

Response (Doc. 8) at 2. The assigned judge then enjoined Respondents from transferring Martinez from the Baker Correctional Institute until further order and transferred the action to the Jacksonville Division. See Order (Doc. 11). Respondents filed a Response to Emergency Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order (Doc. 13). Martinez filed a counseled Reply (Doc. 15). This matter is ripe for review.

## II. Background

Martinez is a citizen of Honduras who entered the United States in 2024 when he was 17 years old. Petition at 5. According to Martinez, he has a pending asylum claim and a valid Employment Authorization Document. Id. On April 2, 2026, following a traffic stop, officers of the Volusia County Sheriff's Office arrested Martinez for driving without a license and transported him to the Volusia County Jail. Id. Martinez asserts that he was released on his own recognizance on April 27, 2026; however, "local law enforcement continued to detain [him] on the basis of a detainer pursuant to 8 C.F.R. 287.7 ('ICE detainer')." Id. at 6.

## III. Analysis

The crux of Martinez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 12–13; see also Order (Doc. 6) at 5–6 ("[T]he central issue is whether Petitioner's detention is

2

governed by 8 U.S.C. § 1225 or 8 U.S.C. § 1226.").[1] As relief, he seeks, <u>inter alia</u>, immediate release. <u>Id.</u> at 22. Respondents argue that this Court lacks jurisdiction over Martinez's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). <u>See</u> Response at 3–11.

The Court is satisfied it has jurisdiction over Martinez's claims and further administrative exhaustion would be futile. <u>See, e.g.</u>, <u>Fonseca v. Ripa</u>, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); <u>Lopez v. Rhoden</u>, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); <u>Garcia v. Warden</u>, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the United States Court of Appeals for the Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." <u>Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami</u>, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Therefore, given that Martinez entered the United States without inspection and has been residing here for some time, he is not properly detained under § 1225(b)(2) as Respondents contend and the Court finds that release is the appropriate

---

[1] Because the Court finds that Martinez is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. <u>See</u> <u>Banks v. Dretke</u>, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3

remedy.[2] See Fonseca, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held[3]).

Accordingly, it is **ORDERED**:

1. Martinez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Martinez's claim that his detention under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act. Respondents shall release Martinez **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Martinez's construed request for a preliminary injunction (Doc. 2) is **DENIED as moot**.

---

[2] Insofar as Martinez requests attorney's fees, he may make such a request in a separate motion, if appropriate. See Local Rule 7.01, United States District Court, Middle District of Florida. Any such motion must be supported by a memorandum of law.

[3] In the Fonseca case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. Fonseca, 2026 WL 1072778, at *5. Here, Respondents did not include that statement in their Response. But the Court still finds that release is appropriate here. Respondents certify that they are holding Martinez under § 1225(b)(2), see Response at 3, and the Court finds that § 1225(b)(2) does not apply to Martinez. Thus, without any lawful basis for this detention, Martinez is entitled to immediate release.

3.     The **Clerk** is directed to terminate any motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of May, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 5/12
c:
Counsel of Record

5